United States District Court
Southern District of Texas
**ENTERED**
January 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| KIA RENEE KENNARD, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-22-3365 |
| CITY OF HOUSTON, *et al.*, | § § | |
| Defendants. | § § § § | |

**MEMORANDUM AND ORDER**

Kia Kennard was arrested in September 2020 by two City of Houston Police Department officers for driving while intoxicated. The officers asked Kennard to provide a breath or blood sample. She refused. Kennard claims that, while the officers waited for a warrant to issue allowing them to draw blood without her consent, at least one officer threw Kennard against a wall, pulled up her dress, and ripped off her nipple piercing. After a warrant had been obtained, Kennard claims that she was forcibly placed in a chair to have her blood drawn. She alleges that the force resulted in injuries that required her to go to the emergency room the next day. Kennard was diagnosed with a wrist fracture, torn shoulder ligaments, and a joint sprain.

Kennard sued the two officers, two Harris County employees, the City of Houston Police Department, the City of Houston, the Harris County Sheriff's Office, and Harris County, asserting claims for assault, battery, and excessive force in violation of 42 U.S.C. § 1983. The City of Houston and its Police Department, and Harris County and its Sherriff's Office, have separately sought dismissal under Rule 12(b)(6), arguing that the Houston Police Department and the Harris

County Sheriff's Office are not separate legal entities, and that Kennard has failed to properly allege a municipal liability claim against the City of Houston and Harris County. (Docket Entry Nos. 10, 11). In turn, Kennard has sought to amend her complaint to: (1) remove the Houston Police Department and Harris County Sheriff's Office (but not the City of Houston or Harris County) as defendants; (2) plead more specific allegations to support her § 1983 claims; and (3) plead more specific facts supporting municipal liability. (Docket Entry No. 14).

Having reviewed the complaint, the motions, and the applicable law, both motions to dismiss are granted. The Houston Police Department, the City of Houston, the Harris County Sheriff's Office, and Harris County are dismissed from this case. Kennard's motion to amend is denied in part and granted in part. Leave to amend to remove the Houston Police Department and the Harris County Sheriff's Office is denied as moot. Leave to amend so that Kennard may plead more specific allegations to support her § 1983 claims as to the four individual plaintiffs is granted. Leave to amend so that Kennard may plead more specific facts supporting municipal liability is denied because amendment on that basis would be futile. The reasons are for these rulings are set out below. A scheduling order will follow.

I. **Legal Background for a Rule 12(b)(6) Motion to Dismiss**

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual

2

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).

A court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F.Supp.2d 860, 882 (S.D. Tex. 2001) (internal quotation marks omitted). Consideration of documents attached to a defendant's motion to dismiss is limited to "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M. Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). The court may consider these extrinsic materials without converting to a summary-judgment motion. *See Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366).

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Amendment is futile if an amended complaint would still fail to state a claim. *See Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 438 (5th Cir. 2019); *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 211 n.1 (5th Cir. 2019).

## II.  Analysis

### 1.  The Houston Police Department and Harris County Sheriff's Office

The City of Houston and Harris County argue that because the Houston Police Department and the Harris County Sheriff's Office are not separate legal entities, Kennard's claims against each should be dismissed. (Docket Entry Nos. 10, 11). The City and County are correct. The Police Department and Sheriff's Office are subdivisions of the City and County; they do "not have a separate legal identity that would allow [either] to sue and be sued." *McAfee v. Houston Police Dep't*, No. 4:19-cv-112, 2019 WL 12021829, at *1 (S.D. Tex. Mar. 19, 2019); *see also Menefee v. Houston Police Dep't,* No. 4:14-cv-01705, 2016 WL 3093131, at *5–6 (S.D. Tex. May 11, 2016) (examining the City of Houston's charter and dismissing the claims against the Houston Police Department because it is merely a component of the City, not a separate entity), *report and recommendation adopted*, 2016 WL 3077487 (S.D. Tex. May 31, 2016); *Henry v. City of Houston*, No. H-10-2545, 2012 WL 950061, at *6 (S.D. Tex. Mar. 19, 2012) ("The City of Houston Police Department is a department within the City of Houston and does not qualify as an independent entity with capacity to sue or be sued. Therefore, plaintiff cannot assert a cause of action against the City of Houston Police Department.").

Kennard's claims against the Houston Police Department and the Harris County Sheriff's Office are dismissed.

B.     **Municipal Liability Claims under 42 U.S.C. § 1983**

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).  A local government may not be sued under § 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents.  Instead, it is "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983." *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  A municipal entity may not be held liable under § 1983 based on vicarious liability for the acts of its employees.  *Id.*

To assert a § 1983 claim against the City of Houston and Harris County, a plaintiff must allege three elements: (1) a policymaker; (2) an official policy or custom; and (3) "a violation of constitutional rights whose moving force is the policy or custom."  *Id.* (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010)); *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (en banc).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Connick*, 563 U.S. at 61.  Official policy may be found in "written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting reference omitted); *Piotrowski*, 237 F.3d at 581–82.  As the Fifth Circuit has summarized:

5

> [Fifth Circuit] caselaw establishes three ways of establishing a municipal policy for the purposes of *Monell* liability. First, a plaintiff can show "written policy statements, ordinances, or regulations." Second, a plaintiff can show "a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." Third, even a single decision may constitute municipal policy in "rare circumstances" when the official or entity possessing "final policymaking authority" for an action "performs the specific act that forms the basis of the § 1983 claim."

*Webb v. Town of Saint Joseph*, 925 F.3d 209, 214–15 (5th Cir. 2019) (footnotes omitted) (quoting references omitted).

"A policy is only official when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy." *Brown v. City of Houston*, 297 F. Supp. 3d 748, 765–66 (S.D. Tex. 2017) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Jackson v. Valdez*, 852 F. App'x 129, 135 (5th Cir. 2021) (per curiam) (quoting reference omitted). "To plausibly plead a practice 'so persistent and widespread as to practically have the force of law,' a plaintiff must do more than describe the incident that gave rise to [her] injury." *Id.* (quoting *Peña v. City of Rio Grande*, 879 F.3d 613, 622 (5th Cir. 2018)). The complaint "must contain specific facts" of the practice or custom. *Taylor*, 488 F. Supp. 3d at 541 (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)).

The policy itself must be unconstitutional or, if not, must have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting reference omitted); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("Plaintiffs who seek to impose liability on

local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691)). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407. Instead, it "must amount to an intentional choice, not merely an unintentionally negligent oversight." *James*, 557 F.3d at 617–18 (quoting *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992)).

"In order to find a municipality liable for a policy based on a pattern, that pattern must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Davidson v. City of Stafford*, 848 F.3d 384, 396 (5th Cir. 2017). "Showing a pervasive pattern is a heavy burden." *Sanchez v. Young County*, 956 F.3d 785, 793 (5th Cir.), *cert. denied*, 141 S. Ct. 901 (2020). "A pattern requires similarity, specificity, and sufficiently numerous prior incidents," based on the context of the incident and the City's police force. *Davidson*, 848 F.3d at 396–97. Alleging two dissimilar incidents, over an eight-year period, involving deadly police force in the fourth-largest city in the United States, is insufficient to plead a practice so persistent and widespread as to have the force of law as a municipal policy. *See, e.g.*, *Carnaby v. City of Houston*, 636 F.3d 183, 189–90 (5th Cir. 2011) (finding no pattern from 2 reports of violations of a policy in four years in Houston); *Peterson*, 588 F.3d at 851 & n.4 (finding no pattern from 27 complaints of excessive force over four years in Fort Worth); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (finding no pattern from 11 incidents of warrantless searches in Houston).

Kennard has already amended her complaint once in response to the City of Houston and Harris County's earlier motions to dismiss. (Docket Entry Nos. 3, 4, 6). Because Kennard amended her complaint, the earlier motions to dismiss became moot. But the amended complaint does not cure the deficiencies in Kennard's municipal liability claims. The amended complaint provides a sparse statement regarding municipal liability:

> City of Houston's Police Department and Harris County Sheriff's Office policies or customs enabled City of Houston and Harris County Sheriff[']s Office agents and employees to act with deliberate indifference to Plaintiff's constitutional rights. The City of Houston and Harris County are liable to Plaintiff under 42 U.S.C. § 1983 for having no policy or inadequate supervision, instruction, and training on how to handle involuntary blood draws involving individuals who are only passively or verbally noncompliant. This failure to have a policy or having inadequate supervision, instruction, and training proximately caused and were the moving force on the constitutional injuries suffered by Plaintiff, and caused her to suffer severe damages, including but not limited to, extreme mental anguish and physical pain and suffering[.]

(Docket Entry No. 6 at 6–7). Kennard has failed allege facts sufficient to support a plausible inference that the City or County have a policy, pattern, or practice allowing its officers or employees to use excessive force in drawing an individual's blood.

The complaint is also insufficient as to the final *Monell* factor, which requires factual allegations supporting a causal connection between the alleged policy and the injury. The complaint is deficient in two ways. The first is that it fails to adequately plead a municipal policy. The second is that, while the complaint alleges that policies permitting excessive force caused Kennard's injuries, the complaint does not tie the individual actions to a specific policy. Even if the complaint sufficiently alleged a policy of excessive force, it does not adequately tie that policy to Kennard's injuries. The complaint does not sufficiently allege facts supporting the § 1983 claim based on an alleged policy of allowing the use of excessive force in drawing blood.

8

Because the complaint fails to allege a claim for municipal liability, the motions to dismiss, (Docket Entry Nos. 10, 11), are granted. To the extent that Kennard seeks to amend her complaint to plead facts relating to municipal liability, the motion is denied with prejudice because amendment would be futile. Kennard has already amended her complaint in response to the same issues, and neither Kennard's response to the motion to dismiss nor her motion to amend indicate that she knows any facts that would allow her to state a claim for municipal liability. (Docket Entry Nos. 13, 14). Instead, Kennard's allegations are directed only towards the individuals that the City and County employed. That is the exact type of claim prohibited under *Monell*. *See* 436 U.S. at 691.

The motion to dismiss filed by the City of Houston and the Houston Police Department, (Docket Entry No. 10), is granted. The motion to dismiss filed by Harris County and the Harris County Sheriff's Office, (Docket Entry No. 11), is also granted. Kennard's motion to amend, (Docket Entry No. 14), is denied, except to the extent that she seeks to amend the complaint as to the remaining defendants. A scheduling order will follow.

SIGNED on January 11, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge